IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA W., ) | |
| ) | No. 21 C 2686 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pamela W. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On February 7, 2018, plaintiff applied for benefits, alleging an amended disability onset date of October 23, 2017. (R. 125.) Her application was denied initially, on reconsideration, and after a hearing. (R. 125-82, 186-97.) Plaintiff appealed to the Appeals Council, which remanded her application to the ALJ for further consideration of the evidence. (R. 205-09.) Upon remand, the ALJ held a second hearing and again denied plaintiff's claim. (R. 15-32, 42-70.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of cervical spine disorder, chronic obstructive pulmonary disease, migraines/headaches, right shoulder major joint impairment, obesity, and chronic pain syndrome.

(*Id.*)  At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment.  (R. 21.)  At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with certain exceptions.  (R. 22-31.)  At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled.  (R. 31-32.)

> Plaintiff raises a number of objections to the ALJ's RFC determination, which states:
>
> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently crawl and climb ramps and stairs, but can only occasionally climb ladders, ropes or scaffolding. The claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation along with avoiding concentrated exposure to extreme cold and extreme heat. The claimant can frequently handle and finger with the right non-dominant upper extremity. The claimant can frequently reach overhead with the right upper extremity. The claimant can frequently push and pull bilaterally with the upper extremities.

(R. 22.)  Plaintiff argues that the RFC fails to accommodate her migraine headaches.  The record shows that, until her 2020 neck fusion stopped them, plaintiff had two to three migraines each month with photophobia, nausea, and dizziness.  (AR. 53-54, 1039-40.)  The ALJ found that plaintiff's migraines are a severe impairment (R. 18), *i.e.*, they "significantly limit[] [plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  However, the ALJ did not include any limitations in the RFC to address plaintiff's migraines.  As the court in *Desiree B. v. Saul* explained:

> "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019); *see also, Mullin v. Colvin*, 2016 WL 2865366, at *3 (N.D. Ill. May 17, 2016) (remanding where ALJ found a severe impairment yet imposed no related limitations, failing to adequately explain "how Plaintiff's hand impairments could 'significantly limit' his work abilities in her step two findings and, at the same time, have no impact on his capacity for work in her RFC finding"); *Amy L. v. Saul*, 2019 WL 4600262, at *5 (D. Minn. Sept. 23, 2019) (same). . . .

No. 18-CV-8129, 2019 WL 6130814, at *3 (N.D. Ill. Nov. 19, 2019); *Givens v. Astrue*, 251 F. App'x 561, 567 (10th Cir. 2007) ("A further error occurred when, having found Ms. Givens' depression 'severe' at step two—a determination virtually compelled by the evidence—the ALJ failed to consider or include any mental limitation in his RFC analysis."); *see Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991) (if a "mental impairment is considered to be severe, it must be included in the residual functional capacity assessment"). Having characterized plaintiff's migraines as a severe impairment, the ALJ was required to include limitations for them in the RFC. Because she failed to do so, the case must be remanded.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [18], denies the Acting Commissioner's motion for summary judgment [20], and pursuant to the fourth sentence of 42 U.S.C. § 405(g) remands this case for further proceedings.

**SO ORDERED.**              **ENTERED:  July 27, 2022**

**M. David Weisman**
**United States Magistrate Judge**